UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXANDER RILEY,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE JOSEPH DESANTIS, shield # 19480, DETECTIVE WILMAR MEJIA, shield # 3154, UNDERCOVER OFFICER # 27598, SERGEANT ROBERT FERNANDEZ, shield # 3147,

                        Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

10 CV 2513 (ENV) (RML)

Jury Trial Demanded

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this civil rights action alleging that the City of New York and New York City Police Officers of the Brooklyn South Narcotics Division ("BSND") violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on February 27, 2008, in the Brighton Beach section of Brooklyn, defendants falsely arrested him, used unreasonable force on him and made false allegations about him to prosecutors. As a result of defendants' false allegations, plaintiff was sent to Rikers Island Correctional Facility where he was illegally strip searched. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Joseph DeSantis, Detective Wilmar Mejia, Undercover Officer # 27598 and Sergeant Robert Fernandez were members of the New York City Police Department's BSND on the date in question. Defendants were acting under color of state law and in their capacities as police officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On February 27, 2008, at approximately 6:15 p.m., plaintiff exited a barber shop on Neptune Avenue in Brooklyn and entered his car, which was parked in front of the shop.

8. At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

9. Before plaintiff could leave, a police van pulled up containing Detective Joseph DeSantis, Detective Wilmar Mejia and Sergeant Robert Fernandez of the BSND.

10. One of the defendants, a white male, violently pulled plaintiff out of his car, threw him up against the vehicle and struck him in the head with a blunt object, causing plaintiff to fall to the ground.

11. While plaintiff was on the ground, the white male officer handcuffed plaintiff excessively tight causing pain and bruising.

12. Detective DeSantis then went over to plaintiff and punched and kicked him numerous times on his head, face and body.

13. The other defendants watched DeSantis use unreasonable force on plaintiff but they failed to intervene to protect plaintiff.

14. After beating plaintiff, defendants arrested plaintiff for no reason and placed him in the rear of a van.

15. The tightly handcuffed plaintiff was driven around parts of Brooklyn for a couple of hours as the defendants looked for other people to arrest

16. Eventually, plaintiff arrived at the 60th Precinct and was thereafter taken to Coney Island Hospital where he received five stitches.

17. While plaintiff was at the hospital, Detective DeSantis, plaintiff's designated "arresting officer," pursuant to an agreement with the other defendants, misrepresented in police reports that plaintiff was found in possession of a controlled substance and pre-recorded buy money and had resisted arrest.

18. After receiving treatment at Coney Island Hospital, officers took plaintiff to Brooklyn Central Booking, where plaintiff, because of his injuries, was designated a "medical walk-through."

19. While plaintiff was in Brooklyn Central Booking, Detective DeSantis, pursuant to an agreement with the other defendants, misrepresented to the Kings County District Attorney's Office that that plaintiff was found in possession of a controlled substance and pre-recorded buy money and had resisted arrest.

20. Plaintiff was subsequently arraigned on charges of possession of a controlled substance and resisting arrest.

21. The presiding judge set bail at $500.

22. Because plaintiff was unable to post bail, he was taken to Rikers Island Correctional Facility.

23. While being admitted into Rikers, correction officers, pursuant to a policy, practice and custom of the City of New York, illegally strip searched plaintiff with a group of other inmates.

24. The correction officers ordered the nude plaintiff to squat, spread his buttocks, bend over and cough.

25. The strip search of plaintiff was illegal because plaintiff was a pre-trial detainee charged only with misdemeanors, the correction officers had no reason to believe that plaintiff was hiding illegal items under his clothes, and the search was not conducted in private.

26. On or about February 29, 2008, plaintiff posted bail and was released from Rikers Island.

27. In February 2008, plaintiff received additional medical treatment at Woodhull Hospital.

28. On April 22, 2009, the criminal charges filed against plaintiff were adjourned in contemplation of dismissal.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and a financial loss of $200. Further, plaintiff suffered pain, bruising, swelling and lacerations from defendants' use of excessive force.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

30. Plaintiff repeats the foregoing allegations.

31. Plaintiff did not commit a crime or violation on February 27, 2008 and no officer observed plaintiff acting in a manner that day which gave rise to probable cause.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

33. Plaintiff repeats the foregoing allegations.

34. Defendants' use of force upon plaintiff or their failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

35. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE UNDER FEDERAL LAW)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, pursuant to a conspiracy, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a controlled substance and p-rerecorded buy money and had resisted arrest.

38. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## FOURTH LAIM

### (ILLEGAL STRIP SEARCH UNDER FEDERAL LAW)

39. Plaintiff repeats the foregoing allegations.

40. The strip search of plaintiff at Rikers Island was illegal because plaintiff was a pre-trial detainee charged only with misdemeanors, the correction officers had no reason to believe that plaintiff was hiding illegal items under his clothes, and the search was not conducted in private.

41. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for an illegal strip search.

## FIFTH CLAIM

### (MONELL CLAIM CONCERNING CONDUCT OF NYPD)

42. Plaintiff repeats the foregoing allegations.

43. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

44. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other NYPD narcotics officers are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

45. Several NYPD narcotics officers, particularly the BSND, have been arrested and convicted of crimes relating to the making of false allegations about arrestees and for corruption.

46. Defendant DeSantis has already been sued twice for federal civil rights violations. *See Akeem Smith v. City of New York, et al.*, 05 CV 2776 (E.D.N.Y.) (settled for $243,750) and *Luis Rivera v. City of New York, et al.*, 06 CV 4938 (E.D.N.Y.) (settled for $110,000).

47. Defendant Mejia has already been sued twice for civil rights violations. *See Kareem Tucker v. City of New York, et al.*, 08 CV 4412 (E.D.N.Y.) (settled for $27,500) and *Roberto Cortopassi & James Milo v. City of New York, et al.*, 09 CV 1539 (E.D.N.Y.) (settled for a total of $400,000).

48. Defendant Fernandez has already been sued once for civil rights violations. *See Roberto Cortopassi & James Milo v. City of New York, et al.*, 09 CV 1539 (E.D.N.Y.) (settled for a total of $400,000).

49. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other narcotics officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants and other officers.

50. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees.

## SIXTH CLAIM

### (MONELL CLAIM CONCERNING UNLAWFUL STRIP SEARCH)

51. Plaintiff repeats the foregoing allegations.

52. When plaintiff was strip searched by correction officers in Rikers Island Correctional Facility, the City of New York had a blanket policy, practice and custom of strip searching misdemeanor detainees being admitted to Rikers Island without regard to the legal requirement that there exist reasonable suspicion to believe that the detainee is hiding illegal contraband.

53. The City also had a blanket policy, practice and custom of strip searching misdemeanor detainees in groups, rather than privately as required by law

54. Accordingly, City of New York is liable to plaintiff under the Fourth Amendment for the illegal strip search.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:   November 26, 2010

                                              _____
                                              RICHARD J. CARDINALE
                                              Attorney at Law
                                              26 Court Street, Suite 1815
                                              Brooklyn, New York 11242
                                              (718) 624-9391