**OFODILE & ASSOCIATES, P.C.**
Attorneys-At-Law
498 Atlantic Avenue
Brooklyn, New York 11217
Phone-718-852-8300 Fax. 718-852-7361

May 9, 2012

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    Riley v. The City of New York, et al.
             10-CV-02513 (MKB(RML)

Dear Judge Levy,

     I represent the Plaintiff, Alexander Riley, in the above referenced case and write to request that the Court compel Defendants to respond to Plaintiff's Supplemental Discovery Requests sent to Defendants on March 14, 2012. As a background, in this case Plaintiff alleges that the Police Officer defendants used excessive force during his arrest, arrested him without probable cause, and maliciously prosecuted him. Defendants alleged that Plaintiff was selling PCP, that they recovered 39 vials and 3 bottles of PCP in his car, and that he threw a bottle that they recovered, which was tested and found to be positive for PCP. It is Plaintiff's position that he never sold or possessed PCP on the day in question and any allegations of possession or throwing away of PCP was trumped up by Defendants. There were four Officers involved in the arrest of Plaintiff and the description of the bottle he allegedly threw differed so remarkably from the document Plaintiff has that they all could not reasonably be referring to the same bottle.

     In light of the contested issues, on March 14, 2012, Plaintiff made the following Supplemental Requests to Defendants:

     (1) CCRB Tapes of interviews conducted of Plaintiff (two separate interviews of the Plaintiff), all four defendants of record, the eyewitness at the scene, and other police officers who were part of Sgt Fernandez' module/team during the February 27, 2008 arrest of Plaintiff;
     (2) Pictures taken by CCRB of Plaintiff and his injuries, including pictures of the actual stitches on his head;
     (3) A color picture of the alleged bottle that Mr Riley threw when being grabbed by the officers;
     (4) Color pictures of the 39 vials and 3 bottles allegedly recovered from Plaintiff's car;
     (5) Plaintiff hereby demands physical inspections of items 3 and 4 above and demands that his Counsel be informed of a date to physically inspect them.

(6) The phone number of the undercover officer from which a phone call was allegedly made to Mr Riley's phone for him to bring the drugs during the Buy and Bust.

(7) All records of all transmissions made by any and all participants during the buy and bust on February 27, 2012 leading to the arrest of Mr. Riley.
(8).    The test results of the contents of the 39 vials and 31 bottles allegedly found in Mr. Riley's car.
(9) Any and all records received as a result of any authorization provided Plaintiff;
(10) Any and all records subpoenaed from third parties in connection with this case.

A Copy of the Request sent to Defense Counsel by e-mail on the 14th of March is annexed herein as Exhibit 1. The questions revolve and concern the critical issues in this case. It should be noted that while Defendant Officers allegedly found 39 vials and three (or thirty-one) additional bottles of PCB in his car and had to be taken to hospital to be decontaminated because of his car being full of PCP, Plaintiff was charged with possession of only the one bottle he allegedly threw when he was being arrested.

Counsel has no record of any tests done of the other 39 vials and three (thirty-one) bottles, the whereabouts of those vials and bottles, or, what happened to them and has no explanation as to why Plaintiff was not charged for the possession of those after his arrest. Proof of whether those ones were or were not PCP would be relevant to whether the one alleged bottle he was charged with was or was not PCP. Furthermore, it would shed light on defendants' credibility based on the testimony and expected testimony that they had knowledge of how to field test PCB and knew by training what PCP is. There are also issues of chain of custody.

Plaintiff has written Defense Counsel many times requesting that she respond to these requests in light of the approaching discovery deadline and the need that Counsel has to get responses to these requests before deposing the remaining officer defendants, to no avail.

The deposition of the three remaining Defendants are now scheduled to take place on the 15th and 16th of this month. Plaintiff needs the responses in order to properly prepare for these depositions.

Plaintiff respectfully requests that the Court compel Defendants to respond in writing to Plaintiff's Supplemental Discovery demands by Monday, May 14, 2012 and allow Plaintiff to physically inspect the allegedly recovered evidence by the same date or be precluded from offering evidence at trial relating to any of the issues raised herein[1].

---

[1] Counsel did provide some of the CCRB tape/s to Plaintiff

        Respectfully Submitted:
            OFODILE & ASSOCIATES, P.C.

        By_____s/b_____
            Anthony C. Ofodile, Esq.
            Counsel for Alexander Riley

Liza Sohn, Esq., (by ECF)
Assistant Corp. Counsel
New York City Lawn Dept.
100 Church Street
New York, New York 10007