

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LIZA SOHN**
Assistant Corporation Counsel
phone: (212) 788-0715
fax: (212) 788-9776
email: lsohn@law.nyc.gov

May 10, 2012

BY HAND
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Alexander Riley v. City of New York, et al., 10 CV 2513 (MKB) (DAB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney for defendants in the above-referenced matter. I write in response to plaintiff's Motion to Compel dated May 9, 2012.

### (1) Plaintiff's Motion to Compel is Without Merit and Should Be Denied

      Defendants write to: (1) Oppose Plaintiff's motion to compel certain discovery; and (2) respectfully request the Court to compel plaintiff to produce outstanding discovery responses, as more fully set forth below.

Item 1 – CCRB Tapes of interviews conducted of Plaintiff (two separate interviews of the Plaintiff), all four defendants of record, the eyewitness at the scene, and other police officers who were part of Sgt. Fernandez' module/team during the February 27, 2008 arrest of Plaintiff

      Plaintiff's demand is moot because, prior to the instant motion, on May 4, 2012, defendants hand delivered to plaintiff's office a CD containing audio files related to the instant matter, identified as CCRB Case # 2008-03013. As plaintiffs counsel previously advised, the delivery of the files was delayed while the original audiocassette tapes were converted to a digital format, and then duplicated and produced. The audio files contain 11 interviews,

including two of plaintiff, the eyewitness at the scene, and interviews of defendants Detective Desantis and Sergeant Fernandez. CCRB has represented to this office that the 11 interviews constitute the entire audio file related to the instant matter.

Item 2 – Pictures taken by CCRB of Plaintiff and his injuries, including pictures of the actual stitches on his head.

With respect to photographs taken by CCRB of plaintiff and his injuries, there is no indication by documents or testimony that such photographs exist. This office previously produced the complete 167-page CCRB file on January 10, 2011. The documents responsive to this request may be obtained from the documents bearing Bates Stamp Nos. NYC71-NYC238.

Items 3,4,5 – Pictures and physical inspection of vouchered property

With respect to plaintiff's request for a site inspection of vouchered property as well as photographs of same, defendants have confirmed with the property clerk that the property is in storage. Defendants have no objection to the production of the vouchered property for inspection, and plaintiff have exchanged correspondence via e-mail to schedule same at a mutually convenient time next week.

Item 6 – The phone number of the undercover officer

Plaintiff moves to compel the phone number of the undercover officer from which a phone call was allegedly made to Mr. Riley's phone during the buy and bust. Defendants object to disclosing phone number on the grounds that it is protected by the official information privilege, the deliberative process privilege, and the law enforcement privilege. Moreover, such a disclosure would constitute an unwarranted invasion of the undercover officer's privacy and presents significant security concerns.

The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. In re Dep't of Investigation of City of New York, 856 F.2d 481, 484 (2d Cir. 1988); National Congress for Puerto Rican Rights v. The City of New York, et al., 194 F.R.D. 88, 93 (S.D.N.Y. 2000). The law enforcement privilege is qualified, and can be overcome by a showing of need. Courts apply a balancing test to determine whether plaintiff should have access to privileged information, for both the law enforcement and official information privileges. Id. The factors disfavoring disclosure include, inter alia, threat to officer safety, invasion of police officer's privacy, and weakening of law enforcement programs. Id.; Morrissey v. City of New York, 171 F.R.D. 85, 92 (S.D.N.Y. 1997); King v. Conde, 121 F.R.D. 180, 190-96 (E.D.N.Y. 1988). The factors favoring disclosure include the relevance to plaintiff's case, the importance of the material to plaintiff's case, the strength of plaintiff's case, and the importance to the public interest in releasing this information.

Here, the factors disfavoring disclosure outweigh the factors favoring disclosure. First, production of the undercover officer's phone number will give plaintiff the ability to subpoena phone records made and received from that number, which could disclose information such as the identity and location of other informants and police officers, as well as civilian nonparties. Moreover, such a disclosure would hamper the investigative and enforcement programs of the

NYPD, specifically, the Narcotics Borough Brooklyn South. Second, there is ample discovery related to the buy and bust transaction which allegedly took place, as well as a scheduled deposition of the undercover officer on May 17, 2012, at which time plaintiff's counsel can obtain information regarding the phone call.

In addition, the undercover officer has represented to me that he is no longer in possession of the cell phone that he had on February 27, 2011. However, the office will subpoena the records from the cell phone service for the date of the incident.

Item 7 – All records of all transmissions made by any and all participants during the buy and bust on February 27, 2012 leading to the arrest of Mr. Riley

With respect to Item 7, this office has inquired as to the transmissions between the undercover officer and the defendant officers, and was informed that such transmissions are not recorded. Plaintiff's counsel has been apprised of this.

Item 8 – the test results of the contents of the 39 vials and 31 bottles allegedly found in Mr. Riley's car

With respect to Item 8, the test results of the recovered property were disclosed in Defendant's Disclosures pursuant to Fed. R. Civ. Pro. 26(a), in documents bearing Bates Nos. NYC 26-NYC 27. The results found that 1 glass bottle and 1 medicine dropper tested positive for PCP. The remaining bottles, upon information and belief, were not tested.

Item 9 – Any and all records received as a result of any authorization provided Plaintiff

With respect to Item 9, defendants have produced plaintiff's employment files from employers Pinnacle and Abilene in its disclosure package, which was hand delivered to plaintiff on May 4, 2012 and are documents bearing Bates Stamp Nos. NYC239-260. Defendants are not in possession of any other responsive documents.

Item 10 – any and all records subpoenaed from third parties in connection with this case

With respect to Item 10, defendants object as duplicative of Item 9.

**Conclusion**

As plaintiff's discovery demands are moot, with the exception of Item 6, the undersigned respectfully requests that the Court deny plaintiff's motion to compel.

Respectfully submitted,

__/s/_____
Liza Sohn
Assistant Corporation Counsel

**VIA ECF**: Anthony Ofodile, Esq.