UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ALEXANDER RILEY,

        Plaintiff,      **MEMORANDUM & ORDER**
                    10-CV-2513 (MKB)
      v.

THE CITY OF NEW YORK, POLICE OFFICER
JOSEPH DESANTIS, DETECTIVE WILMAR
MEJIA, UNDERCOVER OFFICER 27598 and
SERGEANT ROBERT FERNANDEZ,

        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Alexander Riley brings this action against Defendants the City of New York, Police Officer Joseph DeSantis, Detective Wilmar Mejia, Undercover Officer 27598 and Sergeant Robert Fernandez, alleging violations of the Fourth and Sixth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. On February 10, 2015, the Court adopted in part the report and recommendation of Magistrate Judge Robert M. Levy as to Defendants' motion to dismiss the Complaint pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure and the Court's inherent power, as a sanction against Plaintiff for his alleged witness tampering in violation of 18 U.S.C. § 1512(b)(1) (the "February 10, 2015 Decision"). *Riley v. City of New York*, No. 10-CV-2513, 2015 WL 541346, at *13 (E.D.N.Y. Feb. 10, 2015). The Court agreed with Judge Levy's conclusion that Plaintiff engaged in witness tampering, but declined to dismiss the Complaint as a sanction against Plaintiff. *Id.* at *11–12. The Court held that, in addition to notifying the jury of Plaintiff's witness tampering and allowing them to draw an adverse inference from that conduct, monetary sanctions consisting of

attorneys' fees and costs associated with litigating Defendants' motion for sanctions were also appropriate. *Id.* at *12.

On April 6, 2015, Defendants moved for attorneys' fees and costs pursuant to the February 10, 2015 Decision. (Defs. Mot. for Att'y Fees and Costs ("Defs. Mot."), Docket Entry No. 64; Defs. Mem. in Supp. Defs. Mot. ("Defs. Mem."), Docket Entry No. 66.) In support of their motion, Defendants submitted records of costs and attorney time expended in connection with litigating the sanctions motion for Plaintiff's witness tampering. (Decl. of Liza Sohn ("Sohn Decl."), Docket Entry No. 68; Ex. A annexed to Sohn Decl. ("Ex. A"), Docket Entry No. 68-1; Ex. B ("Ex. B"). annexed to Sohn Decl., Docket Entry No. 68-2.) On June 12, 2015, Plaintiff opposed Defendants' application. (Pl. Mem. in Opp'n to Defs. Mot. ("Pl. Opp'n"), Docket Entry 73.) Having reviewed Defendants' application, for the reasons set forth below, the Court awards Defendants reduced attorneys' fees in the amount of $12,000 and costs in the amount of $2922.58.

**I. Background**

The Court assumes the parties' familiarity with the underlying facts and procedural history as set forth in the February 10, 2015 Decision and does not repeat them here. *See Riley*, 2015 WL 541346, at *1–5.

**II. Discussion**

    **a. Attorneys' fees**

        **i. Reasonable hourly rates**

Defendants seek a blended hourly rate of $325 per hour for the work of three attorneys from the New York City Law Department ("Law Department") — Elizabeth Dollin, Raju Sundaran, and Liza Sohn. (Defs. Mem. ¶ 19; Sohn Decl. ¶¶ 5, 7.) Plaintiff asserts that this

blended rate is unreasonable given the experience of each attorney and proposes assigning each attorney an hourly rate rather than a blended rate for all three attorneys. (Pl. Opp'n 3–5.)

In deciding whether fees and costs are reasonable, the Court must assess "what a reasonable, paying client would be willing to pay," bearing "in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); *see Akman v. Pep Boys Manny Moe & Jack of Del., Inc.*, No. 11-CV-3252, 2013 WL 4039370, at *1 (E.D.N.Y. Aug. 7, 2013). Generally, under the "forum rule," courts assess the reasonableness of the hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–76 (2d Cir. 2009) (discussing the forum rule). "In calculating attorney's fees, the district court must first determine the 'lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — [which] creates a presumptively reasonable fee.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To obtain an award of attorneys' fees, the party seeking fees must provide contemporaneous time records. *See Scott v. City of New York*, 643 F.3d 56, 58–59 (2d Cir. 2011). The party must provide "sufficient evidence to support the hours worked and the rates claimed." *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 453 (1983) and *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007)). The moving party "must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Id.* (quoting *N.Y. Ass'n for Retarded*

*Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Where the party seeking an award "has submitted no evidence of the prevailing market rate for attorneys of like skill litigating [similar] cases[,] . . . it is within [the court's] discretion to determine a reasonable hourly rate." *Moreno v. Empire City Subway Co.*, No. 05-CV-7768, 2008 WL 793605, at *7 (S.D.N.Y. Mar. 26, 2008); *see Stair v. Calhoun*, 722 F. Supp. 2d 258, 274 (E.D.N.Y. 2010) (exercising the court's discretion where law firm failed to provide evidence of prevailing market rates).

Defendants seek an award of attorneys' fees calculated at a blended rate of $325 per hour for the work of their attorneys. (Defs. Mem. ¶ 19; Sohn Decl. ¶ 9.) The qualifications of these individuals are as follows:

- Senior Counsel Elizabeth Dollin graduated from law school in 1996, clerked for a New Jersey Superior Court judge, and worked as a litigation associate as at a private law firm prior to joining the Law Department in 2005, where she has served as a "team leader" since 2011 and supervised attorneys on this matter. (Sohn Decl. ¶ 9.)

- Senior Counsel Raju Sundaran has been practicing law for fifteen years; he worked at a private law firm prior to joining the Law Department in 2007, where he was promoted to Senior Counsel in 2010; he has tried seven cases in federal court and supervised attorneys on this litigation. (*Id.*)

- Assistant Corporation Counsel Liza Sohn graduated from law school in 2009, where she interned for a federal judge, and she has worked at the Law Department since 2009, and was transferred to the Special Federal Litigation Division in 2011; she has been attorney of record in 108 section 1983 cases. (*Id.*)

Plaintiff asserts that there is no need to use a blended rate given the detailed time entries for each attorney, and proposes rates of $135 per hour for Sohn, $225 per hour for Sundaran, and $300 per hour for Dollin, the most senior attorney. (Pl. Opp'n 5–6.)

The Law Department "does not routinely bill its client for professional services and therefore does not have a formal 'billing rate.'" *Abeyta v. City of New York*, No. 12-CV-5623, 2014 WL 929838, at *4 (S.D.N.Y.), *aff'd*, 588 F. App'x 24 (2d Cir. 2014). Although the Second Circuit has not endorsed the use of a blended rate, *see McDonald ex rel. Prendergast v. Pension*

4

*Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 (2d Cir. 2006), courts in this Circuit have awarded attorneys' fees based on blended rates in cases involving attorneys at the Law Department and attorneys at private law firms where attorneys with different billing rates and seniority worked together on a case, *see, e.g.*, *Abeyta*, 2014 WL 929838, at *4 (finding blended rate appropriate for Law Department attorneys with varying levels of experience and given the Law Department's lack of formal rates); *Akman*, 2013 WL 4039370, at *2 (applying blended rate for collaborating attorneys with different billing rates); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696, 2013 WL 950573, at *7 (E.D.N.Y. Mar. 12, 2013) (collecting cases).

The Court finds that the use of a blended rate is acceptable, given the Law Department's lack of formal billing and the varying level of seniority and level of work performed by Defendants' attorneys. However, Defendants' requested blended rate of $325 is not reasonable. As Defendants recognize, "[r]ecent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Walker v. City of New York*, No. 11-CV-314, 2015 WL 4568305, at *3 (E.D.N.Y. July 28, 2015) (quoting *Struthers v. City of New York*, No. 12-CV-242, 2013 WL 5407221, at *7 (E.D.N.Y. Sept. 25, 2013)); (*see* Sohn Decl. ¶ 11 (citing *Struthers*, 2013 WL 5407221, at *7).). "In civil rights cases, the upper end of that range is generally reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." *Walker*, 2015 WL 4568305, at *3 (internal quotation marks omitted) (quoting *Struthers*, 2013 WL 5407221, at *8).

Here, Defendants have not explained why they are entitled to such a high blended rate for

5

the work on their sanctions motion. Based on the documentation submitted by Defendants, the three Law Department attorneys billed a total of 217.5 hours for work relevant to the sanctions motion. (Ex. A; Sohn Decl. ¶ 5.) However, the total work performed was far from evenly distributed between the attorneys. Dollin, the most senior attorney, billed 29.25 hours, accounting for approximately 13% of the total billings, while the two remaining attorneys, who have less experience, accounted for the remaining hours. (Ex. A; Sohn Decl. ¶ 5.) Sundaran, the second most senior attorney billed 86 hours, accounting for approximately 40% of the total billings, while Sohn, the most junior attorney, billed 102.25 hours, accounting for approximately 47% of the total billings. (Ex. A; Sohn Decl. ¶ 5.)

This division of labor does not appear to be reflected in the $325 per hour blended rate proposed by Defendants. Even applying the highest hourly rates recognized in this District for each seniority level — $450 for partners, $325 for senior associates and $200 for junior associates — based on the division of labor reflected in the billings, the resulting blended rate is substantially lower than Defendants' proposed rate. Accordingly, based on the evidence presented to the Court, the Court reduces the requested blended attorney rate to $250 per hour, which properly accounts for the seniority and experience of each attorney along with the work performed by each attorney.

      **ii. Hours expended**

Defendants seek compensation for 217.5 hours of total attorney time spent in relation to the sanctions motion. (Sohn Decl. ¶ 6; Ex. A.) Plaintiff seeks a reduction in Defendants' claimed hours, asserting that they are excessive, are based on problematic time entries, and include duplicative or unnecessary work. (Pl. Opp'n 6–8.)

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours,

6

as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Percentage reductions to fee applications are "a practical means of trimming fat from a fee application." *Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 4 (2d Cir. 2013) (quoting *Carey*, 711 F.2d at 1146); *Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 351 (E.D.N.Y. 2014) ("In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed . . . ." (citation and internal quotation marks omitted)). Overall, the Court's goal is to conduct a meaningful review of the hours claimed by an attorney. *See Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (affirming district court's 30% reduction where the district court found that so-called "block-billing" had "frustrated meaningful review of the reasonableness of the claimed hours").

**1. Time entry issues**

Plaintiff argues that the time entry documents submitted by Defendants are vague and do not allow the Court to review of the work performed. (Pl. Opp'n 7–8.) In particular, Plaintiff asserts that because Defendants did not separate work for the sanctions motion and work for the case generally, the Court should further reduce the total hours compensated. (*Id.* at 8.)

The vagueness of an attorney's time entries is a basis to reduce the fee award. *See Andrews v. City of New York*, --- F. Supp. 3d ---, ---, 2015 WL 4622489, at *12 (S.D.N.Y. Aug. 3, 2015) (reducing fee award by fifteen percent in light of vagueness of attorneys' time entries); *Walker*, 2015 WL 4568305, at *9 (reducing fee award by twenty percent because of attorneys vague time entries such as those for "trial preparation"); *Colon v. City of New York*, No. 09-CV-0008, 2012 WL 691544, at *21 (E.D.N.Y. Feb. 9, 2012) ("[C]ourts routinely apply across-the-board reductions for vague entries." (collecting cases)), *report and recommendation adopted*,

No. 09-CV-8, 2012 WL 686878 (E.D.N.Y. Mar. 2, 2012).

Here, Plaintiff is correct that the vagueness of Defendants' proffered time entries do not provide a basis for the Court to sufficiently assess the work performed by each attorney. Although Defendants assert that they limited the submitted entries to those related to sanctions motion, and excluded certain entries related to the deposition of Deidre Colon, the Court is not satisfied that it can conduct a meaningful review of the claimed hours in light of the vagueness of the attorneys' time entries. Specifically, all of the eighty-six time entries submitted by Defendants include one of seventeen vague descriptions for each attorney's work: "Motion Practice," "Deposition," "Discovery," "Research," "Meeting," "Intra Office Conf/Communication," "Communication with Adversary," "Letter Application," "Review of Documents," "Hearing," "Communication with Court," "Conference Preparation," "Case Planning," "Court Conference," "Brief Preparation," "Brief/Motion Practice," and "Reply." (Ex. A.) This is plainly insufficient for the Court to review and determine the reasonableness of the work expended by each attorney. The Court is unable to assess what tasks were completed for things like "Conference Preparation" or "Intra Office Conf/Communication" and whether that work was a reasonable expenditure of the attorneys' time.

Accordingly, given the vagueness of the attorneys' entries, the Court reduces the 217.5 claimed by 30%, or 65.25 hours, to 152.25 hours. *See Abel v. Town Sports Int'l, LLC*, No. 09-CV-10388, 2012 WL 6720919, at *31 (S.D.N.Y. Dec. 18, 2012) ("[G]iven the nearly complete lack of detail in [the attorney's] records, the Court will apply a 30-percent reduction to his claimed number of hours."); *S.E.C. v. Goren*, 272 F. Supp. 2d 202, 213 (E.D.N.Y. 2003) (reducing attorney's fee application "by an additional 30% . . . due to the lack of detail in his fee application [in which] [m]any of his entries were ambiguous and prepared in such a manner that

made it impossible to conduct a meaningful review").

## 2. Excessive

Plaintiff asserts that Defendants' proffered hours are excessive. According to Plaintiff, Defendants' time entries include work from January 15, 2013, despite Defendants' statement that they are not seeking costs for Colon's February 26, 2013 deposition because they would have deposed her irrespective of the sanctions motion. (Pl. Opp'n 6.) In addition, Plaintiff asserts that Sundaran's 86 hours of work is excessive given that he was not the assigned counsel and did not formally appear until July 25, 2013, but had billed 71.75 hours by that time. (*Id.* at 6–7.) Plaintiff also argues that certain of Sundaran's time entries are inflated. (*Id.* at 7.) As to Dollin, Plaintiff asserts that her entries reflect contact with Plaintiff's counsel of which Plaintiff has no record. (*Id.*)

The Court does not find that any of Plaintiff's arguments warrant further reduction of Defendants' fee application. Plaintiff cites no authority to support his assertion that Sundaran's time should not be compensated because he had not filed a notice of appearance in this matter until July 25, 2013. There is no basis to conclude that, contrary to his time entries, Sundaran was not performing work on this matter prior to that date, and the Court accepts Defendants' representation that he was performing relevant work. The remaining issues identified by Plaintiff follow from the vagueness of the time entries, which, as discussed above, do not allow any meaningful review of the work Defendants' attorneys performed. As Plaintiff notes, to the extent entries like Sundaran's June 6, 2013 entry for six hours of "Court Conference" represented only the time spent at the approximately four and a half hour conference, such an inconsistency could "raise questions about the overall reliability of [the lawyer's] time-keeping." *See In re Arbration Between Okyere & Houslanger & Assocs., PLLC*, No. 12-CV-01463, 2015

WL 4366865, at *15 (S.D.N.Y. May 28, 2015). Alternatively, to the extent that entry reflected compensable time spent waiting for a particular hearing, there would be no discrepancy. *See Moon v. Gab Kwon*, No. 99-CV-11810, 2002 WL 31512816, at *4 (S.D.N.Y. Nov. 8, 2002) ("An attorney's time spent waiting for court conferences or hearings to begin is time that is appropriately billed to a client, and thus plaintiff can recover it here."). However, the Court is unable to make any meaningful assessment because, as discussed above, the entries are too vague. Nevertheless, while recognizing Plaintiff's concerns, the Court concludes that the 30% across-the-board reduction sufficiently accounts for the inconsistencies and potential discrepancies in the proffered time entries. *See Spalluto v. Trump Int'l Hotel & Tower*, No. 04-CV-7497, 2008 WL 4525372, at *9 (S.D.N.Y. Oct. 2, 2008) ("[T]he [time entry] inconsistencies are *de minimus* and the recommended 15% reduction already accounts for the deficiencies based on excessive, vague, and block-billed entries.").

### 3. Duplicative or unnecessary work

Plaintiff argues that Defendants engaged in duplicative or unnecessary work. First, Plaintiff argues that having three attorneys "working on the same case and billing for having so many meetings at the same time" duplicated efforts. (Pl. Opp'n 8.) Second, Plaintiff asserts that there was no reasonable basis to depose Joseph Santo, Colon's attorney, who could not offer admissible evidence, and, therefore, Plaintiff should not be required to pay for work related to this deposition. (*Id.* at 9.)

The Court does not agree that further reduction is warranted for duplicative or unnecessary work. The Court is satisfied that the percentage reduction applied to Defendants' vague time entries sufficiently addresses any concern that duplicative work is part of the requested fees. Additionally, while Plaintiff may believe that Defendants included too many

10

attorneys for a given task, merely "tallying the number of attorneys who worked on a case is not enough to prove the case was overstaffed." *Restivo v. Nassau Cty.*, No. 06-CV-6720, 2015 WL 7734100, at *4 (E.D.N.Y. Nov. 30, 2015) (citations omitted).

While Plaintiff seeks to exclude time spent working on the deposition of Santo, on the grounds that any testimony would be inadmissible, that argument misses the mark. There was ample basis to depose Santo in connection with Plaintiff's fabrication of evidence. As Defendants note, at the time of Santo's deposition, Colon's availability to testify at any deposition was unclear. (Defs. Reply 9.) In addition, as Judge Levy noted, Santo's testimony justified deposing both Colon and Felicia Dindyal. *Riley*, 2015 WL 541346, at *3 (citation and internal quotation marks omitted). Accordingly, no further reduction from Defendants' claimed hours beyond the 30% identified above is warranted on this basis.

### iii. Plaintiff's ability to pay

Plaintiff asserts that the Court should substantially reduce any fee award because Plaintiff has a severely limited ability to pay. (Pl. Opp'n 3–5.) Defendants respond that Plaintiff has demonstrated he has an income stream and, to the extent he may succeed in the litigation, could offset any attorneys' fees. In a sworn declaration, Plaintiff states that he last worked in March of 2014, as a plumber at the Brooklyn Navy Yard, and is training to become a welder. (Aff. of Alexander Riley ("Riley Aff.") ¶¶ 4–5, annexed to Pl. Opp'n as Ex. 1, Docket Entry No. 73-1.) Plaintiff has a cleaning business, and, after expenses, Plaintiff "take[s] home about $2,000 [per] month." (*Id.* ¶ 8.) Plaintiff also pays rent of $1425 per month. (*Id.* ¶ 7.)

"[I]t lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 179 (2d Cir.

2012); *Toliver v. Cty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) ("[F]ee awards are at bottom an equitable matter, [and] courts should not hesitate to take the relative wealth of the parties into account." (alteration in original) (quoting *Faraci v. Hickey-Freeman*, 607 F.2d 1025, 1028 (2d Cir. 1979)). However, "bald assertions of economic disparities do not suffice to warrant forbearing from an award on equitable grounds." *U.S., ex rel. Fox Rx, Inc. v. Omnicare, Inc.*, No. 12-CV-275, 2015 WL 1726474, at *4 (S.D.N.Y. Apr. 15, 2015) (citation and internal quotation marks omitted).

Here, Plaintiff has demonstrated a lack of financial resources, and the Court considers this in determining the ultimate fee to be paid. Whether the $70,687.50 in fees originally requested by Defendants, or a reduced amount based on a revised blended rate and percentage reduction in hours, given Plaintiff's financial situation he would have a severe inability to pay any large fee award. However, the Court cannot focus solely on Plaintiff's demonstrated inability to pay, given the reason for which the Court ordered Plaintiff to pay attorneys' fees and costs. The Court ordered monetary sanctions in the form of fees and costs in order to deter the serious and flagrant misconduct that Plaintiff engaged in when he tampered with witnesses. *Riley*, 2015 WL 541346, at *12.

Balancing these competing interests, the Court finds that a total fee award of $12,000 is an appropriate award considering all the factors. At most, based on Plaintiff's affidavit, he earns $600 per month in disposable income.[1] Therefore, even assuming that Plaintiff contributed every dollar to satisfy this fee award, it would take Plaintiff nearly two years to pay the entire award. This is a considerable undertaking, and one that sufficiently effects the Court's intent in

---

[1] This is a conservative figure, as it reflects only Plaintiff's after-expenses take-home pay and his monthly rent.

assessing monetary sanctions to deter similar conduct by Plaintiff or other litigants in the future. *See Jiminez v. City of New York*, No. 14-CV-2994, 2015 WL 8489975, at *5 (S.D.N.Y. Dec. 9, 2015) (reducing $96,075 fee request to $19,075, after "balanc[ing] defendants' entitlement to a recovery against plaintiff's relative lack of financial resources and plaintiff's counsel's sanctionable behavior").

### b. Costs

In their initial submission, Defendants sought costs of $434.80 for Colon's deposition, $471.30 for Dindyal's deposition, and $1144.50 for Plaintiff's continued deposition, totaling $2050. (Sohn Decl. ¶ 20.) Plaintiff accepted the reasonableness or necessity of only the following costs: (1) the cost for a transcript of the sanctions motion hearing and (2) the cost for Plaintiff's continued deposition, together totaling, $2204.25. (Pl. Opp'n 9–10.) In response, Defendants clarified their requested costs and no longer seek costs associated with Colon's deposition, and instead seek costs totaling $2,922.58 incurred for (1) the transcript of the sanctions motion hearing, (2) Dindyal's deposition, (3) Plaintiff's continued deposition and (4) Santo's deposition. (Defs. Reply 9.)

The Court finds Defendants' requested costs of $2922.58 to be reasonable.

**III. Conclusion**

For the foregoing reasons, the Court awards Defendants attorneys' fees in the reduced amount of $12,000 and costs in the amount of $2922.58.

SO ORDERED:

    s/ MKB    
MARGO K. BRODIE
United States District Judge

Dated: December 31, 2015
        Brooklyn, New York